IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CURTIS L. BOSISTO; JILL E. BOSISTO; J.L.B., <br><br> Plaintiffs, <br><br> v. <br><br> MARCIE A. FREEMAN, <br><br> Defendant. | 6:16-cv-00372-JR <br><br> JURY TRIAL MANAGEMENT ORDER |

I.  Notice:

   A.  The court will **strictly enforce** the requirements of this Order.

   B.  The court will **strike** documents filed after the deadlines specified in this Order without prior court approval upon a showing of good cause.

   C.  The court will **strike** amended versions of the documents listed below that are filed without prior court approval upon a showing of good cause.

   D.  The court will **strike** any document not listed in this Order that is filed without prior court approval upon a showing of good cause.

II. Trial Date:  An estimated 3-day jury trial is set to begin at 09:00 AM on December 12, 2017 in Courtroom 3.

III. Pretrial Conference: A pretrial conference is set for December 6, 2017 at 09:00 AM in Courtroom 3.

Format:

A. The court will rule on any motions in limine; objections to witnesses, exhibits, and special damages; and any other pretrial motions the parties have filed.

B. No oral argument on motions or objections will be held at the pretrial conference unless the court has questions about specific motions, objections, or issues.

C. The court will discuss special scheduling requirements of witnesses, parties, party representatives, and counsel, as well as other matters pertaining to the conduct of the trial, including the court's directives for conducting trials.

IV. Initial Trial Documents: On or before November 14, 2017, each party shall file with the court, serve on the parties, and provide a judge's copy of the following documents:

A. Trial Brief:

1. Address only the legal and factual issues that will be the subject of trial.

2. Provide a concise summary of the facts you expect to prove at trial, and in a separate section describe the legal issues that apply, with citations to authority.

3. Do not submit trial briefs that reargue summary judgment motions.

4. Include a table of contents.

5. Do not exceed twenty (20) pages without prior court approval.

B. Statement of the Case

1. Prior to voir dire the court will read to the jury pool a brief summary of the case facts and a description of the questions the jury will decide.

2. The statement of the case must be neutral, objective, balanced, brief, and must be free from comments on the evidence.

C. Voir Dire Questions:

1. Provide a list of case-specific questions for the court to use in voir dire.

2. Do **not** submit voir dire questions on general, non-case-related topics such as occupation, education, involvement as a party or witness in lawsuits, prior jury service, and similar matters. The court uses its own standard voir dire questions pertaining to general topics.

      3.      After the court finishes its questioning, the court may allow each party a specified period of time for follow-up questions.

D.      Witness Lists and Statements:

    1.      General Format:

        a.      Provide a single alphabetized list of all witnesses you expect to call, **including** expert witnesses and witnesses whose testimony will be offered by deposition.

        b.      For each witness, state the witness's name and occupation.

    2.      Content:

        a.      Provide a detailed statement of each listed witness's expected testimony and an estimated length of each witness's direct testimony.

        b.      "Detailed statement" means each topic on which the witness will testify must be described with specificity. Do not describe topics with only a general and vague statement such as "The witness will describe her observations of the plaintiff's emotional distress" or "The witness will testify about what happened at the meeting" or "The witness will testify to matters covered in her deposition." Instead, set out in detail the testimony the witness will give on each identified topic.

    3.      Impeachment Witnesses: No witnesses will be designated as "impeachment witnesses". All witnesses must be listed and their testimony summarized, as described above.

    4.      Rebuttal Witnesses:

        a.      Rebuttal witnesses must be listed on the party's witness list but no witness statement need be provided.

        b.      Proper rebuttal evidence is that offered to disprove evidence offered during the other party's case-in-chief.

        c.      A rebuttal witness must be truly a rebuttal witness. If the court determines that a rebuttal witness's testimony is properly part of the party's case-in-chief or is cumulative of evidence presented in the offering party's case-in-chief, the court will preclude further testimony by the rebuttal witness and strike the witness's testimony.

       5.      Expert Witnesses: For each expert listed, file a copy of the previously exchanged reports in accordance with Fed. R. Civ. P. 26(a)(2).

E.      Deposition Designations:

    1.      A witness appearing by deposition must be listed on the offering party's witness list.

    2.      Witnesses appearing by deposition must meet the requirements of Fed. R. Civ. P. 32(a)(3) or (a)(4). The court will strike deposition designations for witnesses the offering party has not shown meet either Rule 32(a)(3)'s or (a)(4)'s requirements.

    3.      All requirements under "Witness Lists and Statements," above, must be followed for witnesses who will appear by deposition.

    4.      File one copy of each witness's deposition you will offer as substantive evidence and:

        a.      Include **only** the pages containing the offered testimony.

        b.      Highlight the offered testimony on each page.

        c.      The opposing party may offer testimony for context.

F.      Exhibits and Exhibit Lists:

**NOTE: Do not file or e-file exhibits.**

    1.      Numbering:

        a.      Plaintiff's exhibits shall start with "1".

        b.      Defendant's exhibits shall start with "101".

        c.      If multiple parties or numerous exhibits make different exhibit number assignments necessary, counsel must contact Judge Russo's courtroom deputy, Paul Bruch (541-431-4111 or Paul_Bruch@ord.uscourts.gov), to coordinate alternative or additional exhibit number assignments.

2. Labeling:

    a. Label each original exhibit with an exhibit sticker that bears the name or designation of the offering party, the exhibit number, and the case number.

    b. Paginate each page of an exhibit by referencing the exhibit number, page number, and case number.

3. Lists: Provide an exhibit list identifying by number and brief description each exhibit you expect to offer, with the exhibits in numerical order.

4. Impeachment Exhibits:

    a. Number impeachment exhibits in sequence on your exhibit list.

    b. List each impeachment exhibit on your exhibit list as "Impeachment Exhibit".

    c. File court and witness copies of impeachment exhibits in a sealed envelope; do not serve impeachment exhibits on opposing parties until they are offered at trial.

5. Demonstrative and Oversized Exhibits:

    a. Provide a written description of the exhibit behind the appropriate number tab in your exhibit notebook.

    b. Include a photo, drawing, or image of the exhibit, if possible.

    c. Demonstrative and oversized exhibits must be disclosed to all other parties prior to their use at trial and as far in advance as possible. Demonstrative and oversized exhibits not disclosed sufficiently in advance of their proffered use at trial will be excluded.

    d. A party intending to offer an oversized exhibit should contact Judge Russo's courtroom deputy, Paul Bruch (541-431-4111 or Paul_Bruch@ord.uscourts.gov), to make arrangements for the exhibit to be brought into the courthouse.

6. Copies:

    a. For the pretrial conference, submit the exhibits and exhibit list in an exhibit notebook for use by the judge.

          b.        On the first day of trial submit an exhibit notebook for court and an exhibit notebook for the witnesses each of which conforms to the judge's rulings at the pretrial conference.

     7.     Conforming Exhibit Notebooks After Trial:

          a.        All counsel are responsible for ensuring that all exhibits in all parties' notebooks conform to the court's pretrial and trial rulings.

          b.        Counsel are responsible for removing from their respective notebooks all pre-admitted exhibits that are not used during trial.

          c.        **NOTE: Failure to perform this task before the exhibit notebooks are given to the jury constitutes a waiver of objections to any excluded or unused exhibit being included in an exhibit notebooks that are given to the jury.**

G.     Itemized List of Special Damages:

     1.     Provide a list that identifies each item of special damage claimed and the specific amount sought for each item.

     2.     If an item cannot be calculated with specificity, then you must provide the most accurate estimate or range possible.

H.     Jury Instructions:

     1.     Joint Submission:

          a.        Submit a joint set of agreed and disputed jury instructions.

          b.        Only one party should submit the joint set on behalf of all parties.

          c.        File the instructions, and submit a judge's copy in both printed and electronic form (WordPerfect or Word). Electronic versions may be emailed to jrpropdoc@ord.uscourts.gov.

     2.     Format:

          a.        Organize the instructions into three sections: first, agreed instructions; second, plaintiff's opposed instructions; and third, defendant's opposed instructions. Add sections for additional parties' opposed instructions.

          b.        Divide each section with a corresponding title page.

      c.      Provide an index of the instructions.

      d.      Begin each instruction on a separate page.

3.      Content:

      a.      For each opposed instruction, the instruction itself should be set out, followed first by the offering party's concise explanation supporting the instruction, and second by the objecting party's concise explanation for opposing the instruction.

      b.      Do **not** attach proposed alternative instructions as part of your objection to the disputed instruction. Alternative instructions should be included in the opposing party's "Opposed Instructions" section. Objections may reference the proposed alternative instruction.

      c.      "Boilerplate" instructions shall be requested by listing only the instruction number and title from either the Oregon Uniform Civil Jury Instructions or Ninth Circuit Model Civil Jury Instructions. See LR 51-1(a).

      d.      Case-specific instructions shall be requested by listing the applicable Oregon State Bar Uniform Civil Jury Instructions for issues governed by Oregon law, and the applicable Ninth Circuit Model Jury Instructions for issues governed by federal law. See LR 51-1(b).

      e.      Modified versions of the Ninth Circuit Model Instructions and Oregon Uniform Instructions must describe the modification and explain the reason the modified version should be used.

      f.      Each instruction must embrace only one subject and be numbered consecutively.

      g.      Each instruction must be brief, impartial, understandable, and free from argument.

      h.      The text of each instruction must be set out in full, except when citing to a model or uniform jury instruction.

      i.      Each instruction must contain citations of authority in support of the principle of law stated in the instruction.

I. Verdict Form:

1. Submit a joint verdict form.

2. If the parties disagree over the verdict form, then each party shall submit its proposed verdict form separately.

    a. Each party shall identify its proposed form by party name or designation.

    b. Each party shall include a brief explanation in support of its proposed version.

V. Responses to Trial Documents: On or before November 21, 2017, each party shall file with the court, serve on the parties, and provide a judge's copy of the following documents:

A. Objections to Exhibits and Witnesses:

1. Objections must be sufficiently specific to enable the court to make an informed ruling.

2. Simply asserting "relevance" or "hearsay," for example, are not sufficiently specific objections. Use an explanatory sentence or sentences to support the objection.

B. Motions in Limine:

1. Format: Each party shall file a **single** document that includes all of that party's motions in limine.

2. Limiting Instructions: If a limiting instruction is sought regarding an exhibit or a witness's testimony, attach a proposed limiting instruction to the motion in limine.

C. Objections to Depositions Designations:

1. Objections must be sufficiently specific to enable the court to make an informed ruling.

2. Simply asserting "relevance" or "lack of foundation," for example, are not sufficiently specific objections. Use an explanatory sentence or sentences to support the objection.

D. Objections to Special Damages

      E.      Do **not** file objections to voir dire, trial memoranda, or any other document not listed above.

VI.      Reply Trial Documents: On or before November 28, 2017, each party shall file with the court, serve on the parties, and provide a judge's copy of the following documents:

      A.      Reply to Objections to Exhibits

      B.      Reply to Objections to Witnesses

      C.      Opposition to Motions in Limine

      D.      Reply to Objections to Deposition Designations

      E.      Reply to Objections to Special Damages

IT IS SO ORDERED.

DATED this 10th day of August 2017.

                                            s/Jolie A. Russo
                                            JOLIE A. RUSSO
                                            United States Magistrate Judge