ELLEN F. ROSENBLUM
Attorney General
KENNETH C. CROWLEY #883554
Senior Assistant Attorney General
SHARIA MAYFIELD #164359
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: kenneth.c.crowley@doj.state.or.us
       sharia.mayfield@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CURTIS L. BOSISTO and JILL E. BOSISTO, individually and as guardians for J.L.B., and J.L.B., a minor child,<br><br>        Plaintiffs,<br><br>    v.<br><br>MARCIE A. FREEMAN, in her individual capacity and as an official of the State of Oregon; OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>        Defendants. | Case No. 6:16-cv-00372-JR<br><br>NOTICE OF SETTLEMENT |

Page 1 -   NOTICE OF SETTLEMENT
      KCC/ssp/8820982-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Pursuant to ORS 17.095, the State notifies the court that this action has been settled pursuant to the terms of a Settlement Agreement and Release, a copy of which is attached as Exhibit 1.

DATED March __19__, 2018.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

_s/ Kenneth C. Crowley_
KENNETH C. CROWLEY #883554
Senior Assistant Attorney General
SHARIA MAYFIELD #164359
Assistant Attorney General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4791
kenneth.c.crowley@doj.state.or.us
sharia.mayfield@doj.state.or.us
Of Attorneys for Defendants

Page 2 -   NOTICE OF SETTLEMENT
    KCC/ssp/8820982-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This action is U.S. District Court Case Number 6:16-cv-00372-TC ("Action"). The parties to this Action are Plaintiffs Curtis L. Bosisto, Jill E. Bosisto, individually, and as guardians for J.L.B., a minor child, represented by Michael D. Vergamini, and Defendants Oregon Department of Human Services, and Marcie A. Freeman (now Blankenship), represented by Kenneth C. Crowley ("Parties"). Plaintiffs alleged federal civil rights violations, as well as state tort and equitable relief claims, arising out of events beginning March 2014, when DHS caseworker Freeman responded to reports of child abuse at J.L.B's school. The Parties have agreed to settle this action for the consideration set forth in this Settlement Agreement and Release of Claims ("Agreement"). The effective date of this Agreement is the date on which it is fully executed.

The terms of this Agreement are as follows:

**Settlement Payment:** As consideration for each Plaintiff's Release of Claims, and on behalf of the Released Parties described below, the State of Oregon, by and through the Oregon Department of Administrative Services/Risk Management ("Risk Management"), shall pay Plaintiffs jointly the full settlement amount of Nineteen Thousand five Hundred Dollars ($19,500.00) ("settlement payment"). The payment will be one check made out to the trust account of attorney Michael Vergamini for the full amount. The payment will be divided equally among the Plaintiffs, with Curtis L. Bosisto, Jill E. Bosisto, and J.L.B., each receiving a one-third (33%) portion of the full amount, or Six Thousand Four Hundred Ninety Nine Dollars, and Ninety Nine Cents ($6,499.99). Plaintiffs' attorney fees and costs will be paid entirely from the settlement portions of Curtis L. Bosisto and Jill E. Bositso. No attorney fees and costs will be deducted from J.L.B.'s portion of the settlement. Insofar as J.L.B. is a minor child, and this settlement agreement is entered into on behalf of J.L.B., Plaintiffs and their counsel represent

and agree to comply with ORS 126.725 in all respects regarding the payment disbursement of J.L.B.'s portion of the settlement.

**Plaintiff's Release of Claims:** In consideration for the above settlement payment, Plaintiffs, individually and on behalf of any heirs, executors, administrators, successors, agents, and assigns agree to release, acquit, and forever discharge Defendants and all those in interest with them, including the State of Oregon and all of its political subdivisions, agencies, departments, administrators, officers, current and former employees, agents, attorneys, and insurers (collectively "Released Parties"), from any and all claims, demands, or causes of action, whether known or unknown, under any legal, equitable, or other theory, that were or could have been raised in this Action.

The release, acquittal, and discharge described above ("Release") includes any claims against the Released Parties - including the Oregon Department of Justice and Risk Management - arising from the negotiation or execution of this Agreement. This Release also includes any damages (including past and future medical and mental health expenses, lost wages, impairment of earnings, emotional distress, pain and suffering, punitive damages, and any other compensatory, economic, noneconomic, nominal, or other forms of damage) and equitable relief (including injunctions or declaratory judgments), whether known or unknown, or which may develop after the effective date of this Agreement, and including any and all expenses (attorney fees, costs, and disbursements).

**Newly-Discovered Evidence:** The Parties agree that if, after the Effective Date of this Agreement, they discover evidence different from or in addition to the evidence which they now know of or possess, this Agreement remains in full force and effect.

**Each Party is Responsible for Own Attorney Fees and Costs:** The Parties acknowledge and agree that they are solely responsible for paying any attorney fees and costs they incurred and that neither the Parties nor their attorneys will seek any award of attorney fees or costs from the other Party.

Page 2 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

8500975-v1/KCC/aft

**Plaintiffs are Responsible for all Subrogation and Liens:** Plaintiffs acknowledge that all subrogation and lien claims arising out of contract or under state or federal law – including, but not limited to, subrogation or lien claims of or related to health care providers, insurance carriers (including personal injury protection or "PIP"), workers' compensation carriers, attorneys, and any federal or state agency or programs such as Medicare, Medicaid, or Social Security-are the sole and separate obligation of plaintiffs which plaintiffs agrees to pay or otherwise resolve. Plaintiffs will defend, indemnify and hold harmless the Released Parties from and against all such lien and subrogation claims brought against the Released Parties.

**Medicare Reimbursement and Waiver:** The Parties agree that the settlement payment shall not be made until the status of any payments to Medicare is resolved, as follows:

(a) If the Risk Management receives information from Medicare that Plaintiffs are not a Medicare beneficiary, or if Plaintiffs provide Risk Management with a copy of a Medicare Zero Interest letter, Risk Management will promptly, upon receipt of such information, disburse the settlement payment. Should the need for a Zero Interest letter arise, it will be Plaintiffs' responsibility to provide Risk with a Zero Interest letter prior to any disbursement of funds.

(b) If Risk Management receives information from Medicare that one or Plaintiff is a Medicare beneficiary, or if Plaintiffs cannot provide Risk with a Zero Interest letter, then Plaintiffs are required to provide a Medicare Final Demand Letter from Medicare. It shall be Plaintiffs' sole obligation to obtain a Final Demand Letter.

(c) Once the Medicare Final Demand Letter is provided, Risk Management will issue a check directly to Medicare in the amount set forth in the Final Demand Letter. Risk Management will then pay Plaintiffs the amount which reflects a net balance of the settlement payment after payment to Medicare. If the Final Demand Letter amount is greater than the settlement payment, then Plaintiffs shall take affirmative steps to negotiate with Medicare as to any balance and will defend, indemnify and hold harmless Released Parties for any amounts Medicare seeks in excess of the amount of the settlement payment. Until such time as Plaintiffs

have resolved any excess issue, the settlement payment shall not be made. Under no circumstances will the total amount paid by Risk Management exceed the total settlement payment.

(d)   Plaintiffs waive, release, and forever discharge the Released Parties from any obligations for any claim or future claim, known or unknown, arising out of the failure of the Released Parties to provide for a primary payment or appropriate reimbursement to Medicare pursuant to 42 U.S.C. § 1395y(b)(3)(A), and Plaintiffs shall defend, indemnify and hold harmless the Released Parties for any claims arising out of 42 U.S.C. § 1395y(b). Plaintiffs further understand this settlement may impact, limit or preclude plaintiffs' right or ability to receive future Medicare benefits arising out of the injuries alleged in this lawsuit.

**No Tax Representations:** No party warrants or represents how the United States Internal Revenue Service ("IRS"), the Oregon Department of Revenue, or other governmental authority will treat the settlement payment for tax purposes, and agree that no further payment of money from Released Parties will be due in the event that the payments or the release of the claims embodied in this Agreement or any portion thereof is found by the IRS, the Oregon Department of Revenue, or other governmental authority to be, or result in, taxable income to any party. **The Released Parties, as part of their reporting requirements, may have to communicate with the IRS, including submitting IRS form 1099. The Released Parties reserve the right to respond to inquiries by said authorities and to make any additional disclosures requested by the governmental authority or as required by law. Plaintiff is solely responsible for the tax consequences of settlement payment, and plaintiff agrees not to hold the Released Parties responsible for taxes due.**

**Entire Agreement:** This Agreement contains and constitutes the entire agreement and understanding of the Parties, notwithstanding any and all prior negotiations, discussions, undertakings or agreements made in arriving at this Agreement. There are no representations,

agreements, or inducements between the Parties except as set forth expressly and specifically in this Agreement.

**No Admission of Fault or Future Precedent:** The Parties agree that this Agreement is not to be construed as an admission or proof of any liability or fault whatsoever on the part of the Released Parties. This Agreement does not establish a precedent in the settlement of any current or future grievance, claim of unfair labor practice, or other dispute among the Parties, and shall not be admissible as evidence in any future arbitration, administrative or court proceeding except in a proceeding brought to enforce the terms of this Agreement. In the event plaintiffs pursue a claim waived or released pursuant to this Agreement, the Released Parties may plead this Agreement as an absolute defense.

**No Waiver:** The failure by any of the Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement or a course of dealing between the Parties, shall not be a waiver of such terms or conditions or of such Party's right to enforce each and every term and condition of this Agreement.

**Invalidity:** This Agreement does not waive any right that may not legally be waived. If any provision contained in this Agreement shall for any reason be held to be invalid, illegal, void, or unenforceable in any respect, such provision shall be deemed modified so as to constitute a provision conforming as nearly as possible to such invalid, illegal, void, or unenforceable provision while still remaining valid and enforceable, and the remaining terms or provisions of this Agreement shall not be affected.

**Binding Agreement and Ownership of Claims:** This Agreement shall be binding upon the Parties, and their heirs, representatives, executors, administrators, successors in interest, insurers and assigns. The Parties acknowledge that they have not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim, or any portion of interest of any claim, that was or could have been raised in this Action.

**Acknowledgment of the Terms of the Agreement:** By the signatures below, the Parties acknowledge that they have read and know the contents of this Agreement, that they fully understands the Agreement's terms, and that they enter the Agreement voluntarily for the purpose of making a full compromise and settlement. Each of the Parties further represents it has consulted or has had the opportunity to consult with legal counsel of its choice concerning the legal effect of this Agreement before signing it, and that each party executes this Agreement after voluntarily. Further, the persons executing and delivering the Agreement represent and warrant that they are fully authorized to do so, and that the execution of delivery of the Agreement is lawful and voluntary.

**Judgment of Dismissal with Prejudice:** The Parties agree to a dismissal of the pending Action with prejudice, without costs or fees to either party. Counsel for the defendants shall file a Notice of Settlement with a copy of this Agreement attached pursuant to ORS 17.095. The Parties agree to execute these documents and any further documents and take any further actions, as may be reasonable and necessary, in order to carry out the purpose and intent of this Agreement.

**Waiver of Rule of Construction Against Drafter:** This Agreement was jointly drafted and approved by all Parties to this Agreement. Any rule that would otherwise require any ambiguities in this Agreement to be interpreted against the drafter(s) is hereby expressly waived.

**Counterparts:** This Agreement may be executed in counterparts, including counterparts received by facsimile or electronic transmission, with each counterpart constituting an original. The executing Parties agree that a photocopy or other signed copy of this Agreement is as effective as the original.

(Signature Page to Follow)

**IT IS SO AGREED TO BY THE PARTIES:**

_[signature]_                                                              DATED this __9th__ day of March, 2018.
**CURTIS L. BOSISTO, as an individual Plaintiff and as Guardian for J.L.B.,**

Subscribed and sworn to before me this __9th__ day of March, 2018, in the State of Oregon, County of __Lane__.

```
OFFICIAL STAMP
CHRISTINA LOUISE ROBERTS
NOTARY PUBLIC - OREGON
COMMISSION NO. 954504
MY COMMISSION EXPIRES OCTOBER 13, 2020
```

_[signature]_
Notary Public for Oregon
My commission expires: __10/13/2020__

_[signature]_                                                              DATED this __9th__ day of March, 2018.
**JILL E. BOSISTO, as an individual Plaintiff and as Guardian for J.L.B.,**

Subscribed and sworn to before me this __9th__ day of March, 2018, in the State of Oregon, County of __Lane__.

```
OFFICIAL STAMP
CHRISTINA LOUISE ROBERTS
NOTARY PUBLIC - OREGON
COMMISSION NO. 954504
MY COMMISSION EXPIRES OCTOBER 13, 2020
```

_[signature]_
Notary Public for Oregon
My commission expires: __10/13/2020__

_[signature: Lillian Bosisto]_                                             DATED this __9th__ day of March, 2018.
**J.L.B., a minor and an individual Plaintiff**

Subscribed and sworn to before me this __9th__ day of March, 2018, in the State of Oregon, County of __Lane__.

```
OFFICIAL STAMP
CHRISTINA LOUISE ROBERTS
NOTARY PUBLIC - OREGON
COMMISSION NO. 954504
MY COMMISSION EXPIRES OCTOBER 13, 2020
```

_[signature]_
Notary Public for Oregon
My commission expires: __10/13/2020__

(Signature Page Continued)

_____  DATED this __14__ day of March, 2018.
CAROLINE BURNELL
Oregon Department of Human Services

APPROVED AS TO FORM:

_____  DATED this __9th__ day of March, 2018.
MICHAEL D. VERGAMINI, OSB #045208
Attorney for Plaintiffs

_____  DATED this __14__ day of March, 2018.
KENNETH C. CROWLEY, OSB #883554
Senior Assistant Attorney General
Attorney for Defendant State of Oregon

Page 8 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

8500975-v1/KCC/aft

Exhibit 1, Page 8 of 8